**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSAMARIA LOPEZ, | ) Case No.: 1:20-cv-00060-BAM |
| Plaintiff, | ) |
| | ) **ORDER REGARDING SOCIAL SECURITY** |
| v. | ) **COMPLAINT** |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of | ) (Doc. 20) |
| Social Security,[1] | ) |
| | ) |
| Defendant. | ) |
| | ) |

**<u>INTRODUCTION</u>**

Plaintiff Rosamaria Lopez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Docs. 6, 10, 19.)

Having considered the parties' briefs, along with the entire record in this case, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record and is not based upon proper legal standards. Accordingly, the Commissioner's determination will be reversed and remanded for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for disability insurance benefits on September 25, 2017. AR 170-76.[3] Plaintiff alleged that she became disabled on February 25, 2015, due to mental health, lower back, anxiety, and difficulty sleeping. AR 100, 208. Plaintiff's application was denied initially and on reconsideration. AR 100-04, 108-12. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ Matilda Surh held a hearing on November 15, 2018. AR 33-55. ALJ Surh issued an order denying benefits on February 22, 2019. AR 13-29. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 2-6. This appeal followed.

**Hearing Testimony**

The ALJ held a hearing on November 15, 2018, in Stockton, California. Plaintiff appeared at the hearing with her attorney, John Nguyen. Mark Remas, an impartial vocational expert, also appeared and testified. AR 16, 36.

In response to questions from the ALJ, Plaintiff testified that she completed the eleventh grade. She does not have a GED. She is not currently working. Her husband and daughter support her and pay bills. AR 38-39. She previously worked at the Save Mart deli counter, making sandwiches, and preparing and cutting meats. AR 40. The heaviest amount she lifted was 50 to 60 pounds. AR 40.

Plaintiff testified that she could not work because of an injury in her lower back, with constant pain going down into her right leg. She was injured at work and received a settlement. For treatment, she underwent epidural shots, acupuncture, and chiropractic care. She currently does not receive treatment for her back, but she is in physical therapy for her neck. She takes Neurontin and Naproxen,

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

not narcotic medications, for her back pain.  The medication takes away some of the pain.  Her doctor told her she was too young for back surgery and to try different treatments first.  AR 40-43.

When asked about her daily activities and abilities, Plaintiff testified that she is not able to do chores, but she can cook an egg and fold laundry while sitting down.  She can walk about 10 to 15 minutes at one time before she needs to sit down.  She can sit for 30 minutes at a time.  She cannot lift and carry even five pounds.  She has a cane, which was prescribed by a doctor.   She uses the cane to hold herself when walking.  Her daughter helps her dress.  She can drive about 10 or 15 minutes.  AR 45-47.

In response to questions from her counsel, Plaintiff testified that she stopped working for Save Mart on February 25, 2015.  After her work injury, she went back to work for a while.  She had light duty, sitting in a chair, giving cheese samples to customers, for six-to-seven-hour shifts.  She had difficulty doing the job because sitting a long time caused pain.  The doctor recommended 15-minute breaks every hour.  AR 48-49.

Following Plaintiff's testimony, the ALJ elicited testimony from the VE.  The VE categorized Plaintiff's past work as salesclerk, food.  AR 50-51.  The ALJ also asked the VE hypotheticals.  For the hypotheticals, the ALJ asked the VE to assume an individual of the same age, education, and work experience as the complainant.  AR 51.  For the first hypothetical, the ALJ asked the VE to consider an individual who could lift 50 pounds occasionally, 25 pounds frequently, and could stand, walk and/or sit for six out of eight hours with only frequent stooping.  The VE testified that this individual would be able to perform Plaintiff's past job.  AR 51-52.

For the second hypothetical, the ALJ asked the VE to consider an individual who could lift 20 pounds occasionally, 10 pounds frequently, and could stand and/or walk and/or sit for six out of eight hours with only frequent stooping, balancing, and crouching, no ladders, ropes or scaffolds, only occasional kneeling and using a cane for long-distance ambulation or on uneven terrain.  The VE testified that Plaintiff's past work could not be performed, but there would be other jobs for such an individual, such as bench assembler, inspector and hand packager, and scrap separator.  AR 52-53.

For the third hypothetical, the ALJ asked the VE to consider either hypothetical one or two and an additional limitation that the individual would need to take unscheduled rest breaks in addition to

scheduled breaks in order to lie down and elevate the leg.  The individual might need to take two 30-minute breaks per day.  The VE testified that there would be no work for this individual.  AR 53.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act.  AR 16-29.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 25, 2015, the alleged onset date.  AR 18.  The ALJ identified right-sided sciatica as a severe impairment.  AR 18-21.  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments.  AR 21.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work.  She could, at most, lift twenty pounds occasionally, and ten pounds frequently, and could stand and/or walk and/or sit for six hours in an eight-hour workday.  She could only frequently balance, stoop, and crouch, occasionally kneel, and never climb ladders, ropes, or scaffolds.  She also may require a cane for long distance ambulation, or ambulation over uneven terrain.  AR 21-27.  With this RFC, the ALJ found that Plaintiff could not perform any past relevant work, but could perform other jobs in the national economy, such as bench assembler and inspector, hand-packager.  AR 27-28.  The ALJ therefore concluded that Plaintiff was not disabled.  AR 29.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as

4

adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[4]

Plaintiff contends that the ALJ (1) improperly rejected the medical opinion of examining physician, Dr. Joseph Serra, (2) improperly rejected Plaintiff's symptom testimony, and (3) improperly rejected lay witness testimony from Plaintiff's daughter, Erica Lopez. Plaintiff also contends that the ALJ's step-five finding is not supported by substantial evidence. (Doc. 20.)

///

///

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

5

**A. The ALJ Failed to Properly Evaluate the Examining Physician's Opinion**

    **1. Legal Standard**

The parties disagree regarding the standard that applies to the ALJ's weighing of medical opinions. In her opening brief, Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting portions of the opinion from her examining physician, Dr. Serra. (Doc. 20 at 6-8.) The Commissioner's opposition points out that because Plaintiff applied for benefits after March 27, 2017, new regulations, which no longer afford deference to a medical opinion from an examining physician, govern, and these regulations supersede prior case law applying the "clear and convincing" and "specific and legitimate" standards. (Doc. 23 at 13-21.) Plaintiff replies that the revised regulations "do no replace long-standing Ninth Circuit precedent that affords primacy to treating physician medical opinion evidence." (Doc. 24 at 3.)

Plaintiff filed her application for benefits on September 25, 2017. AR 170-76. As noted by the Commissioner, for benefits applications filed after March 27, 2017, the Social Security Administration's ("SSA") regulations and certain Social Security Rulings regarding the evaluation of medical evidence have been amended. *See T.N. v. Kijakazi*, No. 20-cv-04946-TSH, 2021 WL 4553581, at *4 (N.D. Cal. Oct. 5, 2021) (noting amendments).

Prior to the current regulations, the Ninth Circuit instructed that to reject the "uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Trevizo v. Berryhill*, 871F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 198 (9th Cir. 2008). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Ryan*, 528 F.3d at 1198). Under the current regulations, however, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . ., including those from [a claimant's] medical sources." 20 C.F.R. § 1520c(a).

Plaintiff maintains that the revised regulations do not replace Ninth Circuit precedent regarding deference to physician opinions. Plaintiff does not cite relevant case law demonstrating that the "clear and convincing" and "specific and legitimate" standards continue to apply.

Some district courts in the Ninth Circuit have continued to apply the "clear and convincing" and "specific and legitimate" standards as a "benchmark against which the Court evaluates [the ALJ's] reasoning." *See*, *e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020). However, other courts, including courts in this district, have found that Ninth Circuit precedent regarding the deference due to physician opinions does not survive the new regulations. *See*, *e.g.*, *Darrell F., v. Kijakazi*, No. 20-CV-06013-SK, 2021 WL 5584764, at *3 (N.D. Cal. Nov. 30, 2021) (concluding "the SSA's new regulations regarding the examination of and weight given to medical providers supersedes the Ninth Circuit's treating physician rule; addressing the ALJ's evaluation of the medical opinions in accordance with the new regulations); *Barrios, v. Saul*, No. 20-cv-04598-YGR, 2021 WL 4311463, at *3 (N.D. Cal. Sept. 22, 2021) ("In weighing medical opinions, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence."), (citing 20 C.F.R. § 404.1520c(a)); *Carr v. Comm'r of Soc. Sec.*, No. 1:20-cv-0027-EPG, 2021 WL 172692, at *5 (E.D. Cal. Apr. 30, 2021) (concluding treating-physician rule must yield to the intervening regulation); *Agans v. Saul*, No. 2:20-cv-00508 AC, 2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (rejecting argument that the new regulation does not override prior caselaw establishing the treating physician rule and finding that the new regulation displaces contrary, pre-exiting caselaw); *Corpuz v. Saul*, No. 2:19-cv-02401 AC, 2021 WL 795582, at *6 (E.D. Cal. Mar. 2, 2021) (same); *Jones v. Saul*, No. 2:19-cv-01273 AC, 2021 WL 620475, at *6 (E.D. Cal. Feb. 17, 2021) (finding new regulations effectively displace or override pre-existing caselaw).

The Court finds persuasive cases in this district concluding that the new regulation, 20 C.F.R. § 1520c, displaces contrary, pre-existing caselaw regarding the deference afforded medical opinions. For instance, in *Agans*, while acknowledging that few courts had addressed the question of whether the 2017 regulations displaced the treating physician rule, the court cited the Ninth Circuit's recognition in *Lambert v. Saul*, 980 F.3d 1266 (9th Cir. 2020), that the SSA, by regulation, may override the court's own prior interpretations of the Social Security Act. *Id.* 2021 WL 1388610, at *7. Relying on *Lambert*, the court concluded that the SSA was free to displace the judicially created treating physician rule by regulation. *Id.* Because the court found that the treating physician rule was

7

inconsistent with the new regulations, the court concluded that the 2017 regulations effectively displaced or overrode it. *Id.*

Under the new regulations, the Commissioner evaluates the persuasiveness of the medical opinions based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(3)(1)-(5). Supportability and consistency are the most important factors, which are the "same factors" that "form the foundation of the current treating source rule." *V.W. v. Comm'r of Soc. Sec.*, No. 18-cv-07297-JCS, 2020 WL 1505716, at *13 (N.D. Cal. Mar. 30, 2020) (citation omitted); 20 C.F.R. § 404.1520c(b)(2). When determining how persuasive the Commissioner finds a medical source's medical opinions, the Commissioner may, but is not required to, explain how the SSA considered the remaining factors. 20 C.F.R. § 404.1520c(b)(2) ("We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative findings in your case record."). The Court now turns to Dr. Serra's opinion.

**2.     Opinion of Dr. Serra**

Dr. Serra completed a consultative orthopedic evaluation of Plaintiff on February 19, 2018. AR 534-37.  He diagnosed Plaintiff with degenerative disk disease of the lumbosacral spine with right sciatica, chronic.  Dr. Serra found that Plaintiff could stand/walk up to two hours in an eight-hour day due to low back pain and radiation of the right lower extremity and she could sit up to six hours.  A cane was considered medically necessary primarily for long walking and uneven terrain.  She could lift/carry/push/pull 10 pounds both occasionally and frequently due to her chronic low back pain and radiation, right lower extremity.  She could climb steps and stairs occasionally, but never ladders or scaffolds, and could never crawl.  She could frequently participate in balancing, stooping, and crouching and could occasionally kneel.  She had no manipulative limitations.  She had no limitations to hearing, speaking, extremes of temperature and working around chemicals.  However, she had

8

limitations related to traveling and hazards, specifically unprotected heights and around machinery. AR 537.

The ALJ found portions of Dr. Serra's opinion "not persuasive." AR 25. Specifically, the ALJ found as follows:

> Joseph Serra, M.D., internal medicine consultative examiner, opined the claimant's residual functional capacities in February 2018 (6F.) Dr. Serra said that the claimant will be able to stand and walk up to for two hours in an eight-hour workday. He also said that the claimant will be able to lift, carry, push, and pull only ten pounds even only occasionally. (6F.) This opinion is not persuasive. It is first not well supported. Dr. Serra examined the claimant only once, and did not evidence knowledge of the claimant's whole medical evidence of record. This statement is also not consistent with the whole medical evidence of record, including observations of the claimant demonstrating normal whole-body strength. (2F/8; 4F/125; 6F/3; 7F/3, 5, 20; 8F/4, 6, 21.)

AR 25-26.

In this evaluation of Dr. Serra's opinion, the ALJ identified the two primary factors of supportability and consistency as stated in the new regulations. 20 C.F.R. § 404.1520c(b)(2). As to the factor of supportability, however, the ALJ fails to explain how Dr. Serra's assessment was unsupported. According to the new regulations, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1) (describing supportability factor). Here, the ALJ does not address the objective medical evidence and supporting explanations presented by Dr. Serra. Instead, the ALJ focuses on a secondary factor—the treatment relationship—noting that Dr. Serra examined Plaintiff only once and did not have knowledge of Plaintiff's whole medical evidence of record. AR 25; *see* 20 C.F.R. § 404.1520c(c)(3)(ii) ("(3) Relationship with the claimant. . . . (ii) Frequency of examinations. The frequency of [claimant's] visits with the medical source may help demonstrate whether the medical source has a longitudinal understanding of [claimant's] impairment(s)."). The ALJ's general statement that Dr. Serra's opinion did not evidence knowledge of the claimant's whole medical evidence of record fails to offer a substantive basis for his conclusion that Dr. Serra's opinion is unsupported. *Cf. Corpuz*, 2021 WL 795582, at *8 (concluding ALJ's rejection of opinion based on unsupported and conclusory statement that limitations were "not supported by other objective evidence of record" not sufficient under the

2017 rules). First, the ALJ does not appear to acknowledge Dr. Serra's review of records, which revealed "allegations of low back pain, difficulty sleeping, and mental health issues." AR 534. Second, the ALJ does not address Dr. Serra's objective findings on examination, including findings that Plaintiff had an antalgic limp, standing with a definite list to right, difficulty straightening her back, positive straight leg raising in the seated position on the right and on the left, positive straight leg raising in the supine position on the right with pain in the lower back and radiation to the right buttock and posterior thigh, and positive straight leg raising on the left. AR 535-38. Third, the ALJ does not address Dr. Serra's explanation for limiting Plaintiff's standing/walking capacity "due to low back pain and radiation of the right lower extremity." AR 537. The Court therefore finds that the ALJ erred in his assessment of Dr. Serra's opinion.

**B. Remedy**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel,* 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments concerning whether the ALJ properly evaluated her subjective complaints, properly evaluated lay witness testimony from Plaintiff's daughter, Erica Lopez, and whether the ALJ's step-five finding is supported by substantial evidence, all of which can be addressed on remand. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address

the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised."); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's disability determination warrants remand. Accordingly, the decision is REVERSED, and the case REMANDED to the ALJ for further proceedings consistent with this order. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Rosamaria C. Lopez and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **December 22, 2021**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE